UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

RODNEY TWITTY,                          )
                                        )
                Plaintiff,              )
                                        )
        v.                              )        No. 4:09-CV-915-DJS
                                        )
DAVID FREY, et al.,                     )
                                        )
                Defendants.             )

## MEMORANDUM AND ORDER

This matter is before the Court upon the application of
Rodney Twitty (registration no. 1140732) for leave to commence this
action without payment of the required filing fee.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing
a civil action in forma pauperis is required to pay the full amount
of the filing fee.  If the prisoner has insufficient funds in his
prison account to pay the entire fee, the Court will assess and,
when funds exist, collect an initial partial filing fee of 20
percent of the greater of (1) the average monthly deposits in the
prisoner's account; or (2) the average monthly balance in the
prisoner's account for the prior six-month period.  See 28 U.S.C.
§ 1915(b)(1).  After payment of the initial partial filing fee, the
prisoner will be required to make monthly payments of 20 percent of
the preceding month's income credited to the prisoner's account.
See 28 U.S.C. § 1915(b)(2).  The agency having custody of the
prisoner will forward these monthly payments to the Clerk of Court

each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid.  Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint.  See 28 U.S.C. § 1915(a)(1),(2).  A review of plaintiff's account statement indicates an average monthly deposit of $108.33, and an average monthly account balance of $25.56.  Plaintiff has insufficient funds to pay the entire filing fee.  Accordingly, the Court will assess an initial partial filing fee of $21.67, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  An action is frivolous if "it lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal

construction. <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. <u>Denton v. Hernandez</u>, 504 U.S. 25, 32 (1992); <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974).

### The complaint

Plaintiff, an inmate at the Eastern Reception Diagnostic and Correctional Center, seeks monetary relief in this 42 U.S.C. § 1983 action against David Frey (police officer), Timothy W. Mayfield (police officer), John Doe Insurance Company, City of Rolla Police Department, and C&C Towing Company.

Plaintiff alleges that defendants Frey and Mayfield conducted an illegal search and seizure of his property that resulted in plaintiff's car being towed. Plaintiff also alleges that these defendants caused him to be illegally arrested. In addition, plaintiff claims that the John Doe Insurance Company insured Mayfield and Frey and was responsible "for assuring that their actions and coverage was kept under the color of state law and in conformity with the policies and uses of the Rolla Police Department." Plaintiff further claims that, at the request of defendant Mayfield, C&C Towing Company towed and ultimately sold his car "in a direct violation of [his] Fourth Amendment rights to an illegal search and seizure under a fabricated and false probable cause to believe a crime had been committed." Last, plaintiff

alleges that the City of Rolla Police Department "neglected its duty and obligation of returning the car."

## Discussion

At the outset, the Court finds that the complaint is legally frivolous as to John Doe Insurance Company and C&C Towing Company, because plaintiff does not allege that either defendant is a state actor under § 1983. See, e.g., Parratt v. Taylor, 451 U.S. 527, 535 (1981)(to state § 1983 claim, plaintiff must first establish that a person acting under color of state law committed actions which form the basis of the complaint), overruled on other grounds, Daniels v. Williams, 474 U.S. 327, 328 (1986).

Moreover, as a further requirement to maintaining an action for intentional deprivation of property under § 1983, a plaintiff must show that he has no adequate post-deprivation state remedy to redress the wrong. Hudson v. Palmer, 468 U.S. 517, 533 (1984); see also Harris v. St. Louis Police Dept., 164 F.3d 1085 (8th Cir. 1998)(police officer's destruction of plaintiff's bus pass not actionable under § 1983, because plaintiff has adequate postdeprivation remedy in Missouri state court for conversion). Thus, if the taking of property is intentional and the state provides an adequate postdeprivation remedy, there is no violation of due process. Id.; Parratt v. Taylor, 451 U.S. 527 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327, 328 (1986); Reese v. Kennedy, 865 F.2d 186, 187 (8th Cir. 1989)(state

tort remedies preclude § 1983 claim for deprivation of property); Maples v. United Sav. & Loan Ass'n, 686 S.W.2d 525, 527 (Mo.Ct.App. 1985)(defining conversion as "unauthorized assumption of the right of ownership over the personal property of another to the exclusion of the owner's rights"). In the instant case, plaintiff does not allege that he lacks an adequate postdeprivation remedy, and, in fact, the State of Missouri provides the postdeprivation remedy of replevin for the recovery of personal property. See Mo. R. Civ. P. 99.01 - 99.15.

The complaint is also legally frivolous as to the City of Rolla Police Department, because police departments are not suable entities under § 1983. See Ketchum v. City of West Memphis, Ark., 974 F.2d 81, 82 (1992).

The Court further notes that in order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions that would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed, expunged, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus. Heck v. Humphrey, 512 U.S. 477 (1994). In the instant action, plaintiff does not claim that his conviction or sentence has been reversed, expunged, invalidated, or called into question. As such, having carefully reviewed the complaint, the Court concludes that plaintiff's claims are barred by the United States Supreme Court's holding in Heck.

See also <u>Lawson v. Molder</u>, 62 F.3d 394 (5th Cir. 1995)(illegal-arrest claims would necessarily call into question validity of conviction, and thus dismissal pursuant to <u>Heck</u> was proper).

Last, to the extent that plaintiff is attempting to assert pendent state-law claims against the towing company and/or John Doe Insurance Company, these claims will also be dismissed. <u>See</u> 28 U.S.C. § 1367(c)(3); <u>United Mine Workers v. Gibbs</u>, 383 U.S. 715, 726 (1966) (if federal claims are dismissed before trial, remaining state claims should also be dismissed); <u>Hassett v. Lemay Bank & Trust Co.</u>,851 F.2d 1127, 1130 (8th Cir. 1988) (where federal claims have been dismissed, district courts may decline jurisdiction over pendent state claims as a "matter of discretion").

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial partial filing fee of $21.67 within thirty (30) days from the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue

process or cause process to issue upon the complaint, because the complaint is legally frivolous and fails to state a claim upon which relief may be granted.  <u>See</u> 28 U.S.C. § 1915(e)(2)(B).

An appropriate order shall accompany this memorandum and order.

Dated this <u>9th</u> day of <u>July</u>, 2009.


<u>    /s/Donald J. Stohr    </u>
**UNITED STATES DISTRICT JUDGE**